Robert T. DeMarco
Michael S. Mitchell
12770 Coit Road, Suite 850
Dallas, TX 75251
**T**  972-991-5591
**F**  972-346-6791

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | **Case No.:**  **25-40202-11** |
| **William Lay DDS, PLLC** | **Chapter:**  **11** |
| 86-1423290 | |
| 1810 S. Bowen Road | |
| Arlington, TX 76013 | |
| **Debtor.** | |

## DEBTOR'S MOTION FOR ORDER AUTHORIZING
## THE INTERIM AND FINAL USE OF CASH COLLATERAL

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, **William Lay DDS, PLLC**, debtor and debtor in possession in the above-styled and numbered case (the "**Debtor**"), and file this *Debtor's Motion for Order Authorizing the Interim and Final Use of Cash Collateral* by and through the undersigned attorney. Debtor requests the entry of an interim order substantially in the form attached hereto as Exhibit "A" (the "**Interim Order**") and a final order (the "**Final Order**", and in conjunction with the Interim Order, the "**Cash Collateral Orders**"), pursuant to 11 U.S.C. §§ 105, 361, and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing Debtor to use the cash collateral of the **Secured Lender** (defined *infra*) and granting adequate protection thereto; and (b) prescribing the form and manner of notice and setting the time for the final hearing on this Motion (the "**Final Hearing**"). The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of **William Lay** in Support of First Day Motions* ("**First Day Declaration**"). In further support of this Motion the Debtor respectfully avers as follows:

## I.  JURISDICTION

1.      The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding. 28 U.S.C. §157(b).

2.      Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105, 361 and 363 of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.  BACKGROUND

4.      This bankruptcy case was commenced by the filing of this voluntary petition for relief under Chapter 11 of the Bankruptcy Code on **January 20, 2025** (the "**Petition Date**").

5.      No trustee[1] or examiner has been appointed, and no official committee of creditors has yet been established.

6.      Information regarding the Debtor's history and business operations, capital structure, and the events leading up to the commencement of this bankruptcy case can be found in the Declaration, which is incorporated herein by reference.

## III.  FACTS SPECIFIC TO RELIEF REQUESTED
### A.  Secured Lender

7.      In accord with Bankruptcy Rule 4001(b)(1)(B)(i) and (iii), Debtor's secured creditor(s)[2] asserting an interest in the Debtor's cash collateral as evidenced by the filing of a UCC-1 financing statement are as follows:

---

[1] Debtor anticipates the appointment of a Subchapter V Trustee within 48 hours of the Petition date.
[2] Premised upon the UCC-1 filings and other related security documents reviewed to date.

| LENDER | COLLATERAL |
|---|---|
| **Happy State Bank ("<u>Secured Lender</u>")** | See UCC-1 and related instruments attached hereto as Exhibit "B" and incorporated herein by this reference. |
| **UCC-1 Filed:**          July 2, 2021<br>**BALANCE:**          $742,880.92 | |

8.      **Secured Lender** asserts it is secured by a lien on and security interest in substantially all of Debtor's Equipment, Accounts and Inventory.

9.      In the normal course of business, Debtor uses cash on hand and cash flow from operations to fund payroll, materials, supplies, and other general operational needs.  An inability to use these funds during the chapter 11 cases would cripple Debtor's store operations. Indeed, Debtor must use its cash to, among other things, continue the operation of the business in an orderly manner, maintain business relationships with vendors, suppliers and customers, pay employees and satisfy other working capital and operation needs—all of which are necessary to preserve and maintain Debtor's going-concern value and, ultimately, effectuate a successful reorganization.

### IV.      RELIEF REQUESTED

10.     By this Motion and pursuant to 11 U.S.C. §§ 105, 361 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, Debtors request the Court grant the following relief:

a.      Authorize Debtor, **on an interim basis**, pursuant to section 363(c) of the Bankruptcy Code, to use proceeds of assets on which **Secured Lender** asserts liens and security interests ("<u>Cash Collateral</u>")[3] in accord with the budget attached to the Interim Order ("<u>Budget</u>");

---

[3]  Debtor does not hereby admit or consent to the validity, priority, extent or enforceability of the liens asserted by

b.      Authorize Debtor, **on an interim basis**, pursuant to sections 361 and 363 of the Bankruptcy Code, to provide the adequate protection described herein to **Secured Lender** as regards any diminution in value of **Secured Lender's** interest in the Collateral as existing on the Petition Date ("**Prepetition Collateral**"), whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral;

c.      Schedule the Final Hearing pursuant to Bankruptcy Rule 4001 no later than fourteen (14) days after the entry of the Interim Order, to consider the entry of a Final Order authorizing the use of Cash Collateral and approving the notice procedures relative thereto;

d.      Authorize Debtor, **on a final basis**, pursuant to 363(c) of the Bankruptcy Code, to use the Cash Collateral; and

e.      Authorize Debtor, **on a final basis**, pursuant to sections 361 and 363 of the Bankruptcy Code to provide the adequate protection described herein to **Secured Lender** as regards any diminution in value of **Secured Lender's** interest in the Prepetition Collateral, whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral.

### V.      BASIS FOR RELIEF

### A.      Immediate Need for Use of Cash Collateral

11.      Pursuant to Bankruptcy Rule 4001(b)(2), the Court may conduct a preliminary cash collateral hearing within fourteen (14) days of the Petition Date if the relief requested is **necessary to avoid immediate and irreparable harm** to the estate pending a final hearing.

---

Secured Lender and hereby reserves all rights with respect thereto.

12.    Debtor has an immediate need for the use of Cash Collateral pending a final hearing on this Motion.  As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund its store operations.

13.    Without the use of Cash Collateral, Debtor will have no ability to operate its business, fund its payroll or pay professionals necessary for the successful reorganization of its business. Finally, Debtor will not be able to service the needs of the community in which it operates nor services its customer base. All of these outcomes will cause immediate and irreparable harm to Debtor's bankruptcy estate.

14.    Debtor's ability to finance its operations and the availability to Debtor of sufficient working capital and liquidity through the use of Cash Collateral is vital to the confidence of its employees, and to the preservation and maintenance of the going-concern value and other values of the bankruptcy estate. Debtor, therefore, seeks immediate authority to use the Cash Collateral as set forth in the Motion and in the Interim Cash Collateral Order to prevent immediate and irreparable harm to its bankruptcy estates pending the Final Hearing pursuant to Bankruptcy Rule 4001(c).

15.    Debtor has formulated a Budget for the use of Cash Collateral.  Debtor believes the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business during the subject time period **so as to avoid immediate and irreparable harm** to the bankruptcy estate pending a final hearing.

16.    Accordingly, Debtor seeks to use Cash Collateral existing on or after the Petition Date that may be subject to **Secured Lender's** interest in the Prepetition Collateral.  As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund the business operation.

17.     If approved by this Court Debtor's right to use Cash Collateral under the terms of the Interim Order will commence on the date of the entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim order; or (b) the entry of the Final Order.

### B.     Adequate Protection

18.     In consideration for the interim use of cash collateral, and as adequate protection for any diminution of the interest of **Secured Lender** in the Prepetition Collateral, Debtor hereby tenders to **Secured Lender**, to the extent **Secured Lender** may hold valid, perfected and unavoidable security interests in the Prepetition Collateral without any requirement to file any documents to perfect that interest, additional and replacement security interests and liens (the "**Replacement Liens**") as follows:

> **The granting of post-petition security interests equivalent to a lien granted under sections 364(c)(2) and (3) of the Bankruptcy Code, as applicable, in and upon the Debtor's personal property and the Cash Collateral, whether such property was acquired before or after the Petition Date.**

19.     In addition to the Replacement Liens, **Secured Lender** is adequately protected from continued business operations.

### C.     Request for Final Hearing

20.     Pursuant to Bankruptcy Rule 4001(b)(2), Debtor requests this Court set a date for the Final Hearing that is as soon as practicable, but in no event later than fourteen (14) days following the entry of the Interim Order and fix the time and date prior to the Final hearing for parties to file objections to this Motion.

## VI.    BANKRUPTCY RULE 4001(B)

21.    Debtor submits the facts set forth herein establish that "the relief requested herein is necessary to avoid immediate and irreparable harm" to Debtor.  Bankruptcy Rule 4001(b)(2).  Accordingly, Bankruptcy Rule 4001 is satisfied.

## VII.    NOTICE

22.    Bankruptcy Rules 4001 and 9014 generally require that any proceeding to use cash collateral be made only upon Motion and on notice to:  (1) any entity that has an interest in the Cash Collateral; (2) a Committee that may be appointed under the Bankruptcy Code (11 U.S.C. § 1102) or, if no such committee is appointed, on the twenty largest unsecured creditors; and (3) such other entities as the Court may direct.

23.    Service was made as set forth in the certificate of service below.

**WHEREFORE, PREMISES CONSIDERED**, Debtor respectfully requests this Court enter an Interim Order on an expedited basis granting the relief requested herein, establishing a date and time for the Final Hearing; and for such other and further relief as is just and proper.

Respectfully submitted,

Dated: January 21, 2025

/s/ Robert T. DeMarco
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T  972-991-5591
F  972-346-6791
**_Proposed_ Counsel for Debtor and Debtor in Possession**

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **21st day of January 2025**.  Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below.  Where such electronic service was not possible, service was made via regular first-class mail.

### DEBTOR

William Lay DDS, PLLC
1810 S. Bowen Road
Arlington, TX 76013

### TRUSTEES

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75202
Email:  Erin.Schmidt2@usdoj.gov

### INTERESTED PARTIES

Happy State Bank
Attention: Austin Nash, AVP
16633 N Dallas Pkwy, Ste 350
Addison, TX 75001
Email:  anash@happybank.com

### SEE ATTACHED MATRIX

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T  972-991-5591
F  972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: | **Case No.:**    25-40202-11 |
| **William Lay DDS, PLLC** | **Chapter:**    **11** |
| 86-1423290 | |
| 1810 S. Bowen Road | |
| Arlington, TX 76013 | |
| **Debtor.** | |

**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**

On this day came on for consideration the *Debtor's Motion for Order Authorizing the Interim and Final Use of Cash Collateral [11 U.S.C. §§ 105, 361, and 363]* (the "**Motion**").  The Motion is made pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014:  (a) authorizing **William Lay DDS, PLLC**, debtor and debtor in possession in the above-styled and numbered case ("**Debtor**") to use cash collateral of the Secured Lender (defined in the Motion) and granting adequate protection to Secured Lender for the use of its cash collateral; and (b) prescribing the form and manner of notice and setting the time for the final hearing (the "**Final Hearing**") on the Motion.  Upon review of the Motion and based upon the evidence presented to this Court at the interim hearing on the Motion (the "**Interim Hearing**"), the Court hereby makes the following findings of fact and conclusions of law:

1.    Adequate and sufficient notice of the Motion and the Interim Hearing, under the circumstances, has been provided to all persons entitled thereto pursuant to Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

2.    This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

EXHIBIT "A"

3.      This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4.      Debtor commenced this bankruptcy case on **January 20, 2025,** (the "**Petition Date**") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

5.      **Secured Lender**[1] asserts it is secured in substantially all Debtor's Equipment, Inventory and Accounts as more particularly delineated in the Motion (collectively, the "**Prepetition Collateral**") and the proceeds thereof (the "**Cash Collateral**").

6.      The Debtor will suffer immediate and irreparable harm if it is not allowed to use the cash collateral of the **Secured Lender** on an interim basis.

**ACCORDINGLY, IT IS ORDERED THAT:**

1.      Debtor is permitted to use Cash Collateral, in accord with the budget attached hereto as **Exhibit "1"** (the "**Budget**"), provided, Debtor may exceed any the total allotted Budget amount by up to ten percent (10%).  The Budget may be updated and modified through the date of the Final Hearing by agreement of Debtor and **Secured Lender** subject to further order of this Court.

2.      Debtor's right to use Cash Collateral under the Interim Order shall commence on the date of entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim cash collateral order; or (b) the entry of a Final Order.

3.      As adequate protection of **Secured Lender's** interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any diminution in value from the use of the Collateral the Court hereby grants **Secured Lender** replacement security

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed them in the Motion.

EXHIBIT "A"

liens on and replacement liens on all of Debtor's Equipment, Inventory and Accounts (the "**Replacement Liens**"), whether such property was acquired before or after the Petition Date.

4.      Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

5.      Further, such Replacement Liens shall be equal to the aggregate diminution in value of the respective Collateral, if any, that occurs from and after the Petition Date.  The Replacement Liens shall be of the same validity and priority as the liens of **Secured Lender** on the respective prepetition Collateral.

6.      **Secured Lender** shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

7.      The Replacements Liens shall be subject and subordinate to:  (a) professional fees and expenses of the attorneys, financial advisors and other professionals retained by any statutory committee if and when one is appointed; and (b) any and all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), the Subchapter V Trustee, and the Clerk of the Bankruptcy Court (collectively, the "**Carve Out**").

8.      This Interim Order is without prejudice to the rights of **Secured Lender** or the Debtor as to any further order regarding the use of Cash Collateral as to the request for payment of any other expenses incurred during the period covered by this Interim Order.

EXHIBIT "A"

9.      This Interim Order is without prejudice to the rights of any party-in-interest, including the Debtor, to contest the priority, validity and enforceability of **Secured Lender's** liens and security interests in and to the Prepetition Collateral.

10.     The Final Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **February _____, 2025, at _____** and will be held in the in the **United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.**

11.     The hearing shall be conducted in a hybrid format allowing for live appearance in the courtroom or via WEBEX Video Conference.

12.     The location of the hearing for live appearances is as follows:

> Courtroom of the Honorable Mark X. Mullin
> United States Bankruptcy Judge
> 501 W. 10th St.
> Fort Worth, TX 76102-3643

13.     The participation and/or attendance link for WEBEX is as follows:

> For WebEx Video Participation/Attendance:
> https://us-courts.webex.com/meet/mullin
> Meeting Number:  2310-650-8783
>
> For WebEx Telephonic Only Participation/Attendance:
> Dial-In: 1-650-479-3207
> Access Code: 2310-650-8783

14.     The Debtor proposes to pay the Secured Lender the sum of $13,451.33 per month commencing February 10, 2025, and on the first day of each month thereafter.

15.     The Debtor shall serve a copy of this Interim Order on the entire mailing matrix within one (1) business day of its entry upon the Court docket.

16.     This Interim Order is and shall be fully effective upon its entry.

# EXHIBIT "A"

### END OF ORDER ###

**ORDER SUBMITTED BY:**

*/s/ Robert T. DeMarco*
_____
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T   972-991-5591
F   972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

# EXHIBIT "A"

# William Lay DDS PLLC

**30 DAY BUDGET**

|  | | 14 day | | 30 day |
|---|---|---|---|---|
| Beginning Cash Balance - Petition Date | $ | 47,389.00 | $ | 47,389.00 |
| | | | | |
| **Ordinary Income/Expense** | | | | |
| Income | | | | |
| Revenue | $ | 37,500.00 | $ | 75,000.00 |
| Refunds | $ | - | $ | - |
| Cost of Goods Sold | $ | - | $ | - |
| Total Income | $ | 37,500.00 | $ | 75,000.00 |
| | | | | |
| Expense | | | | |
| Computer - POS | | | $ | 900.00 |
| Credit Card Processing | | | $ | 900.00 |
| Life Insurance | $ | 460.00 | $ | 460.00 |
| Health Insurance | $ | 425.00 | $ | 425.00 |
| Aflac - Employee deducted | | | $ | 277.22 |
| Insurance Expense | | | | |
| Auto Insurance | $ | 280.00 | $ | 280.00 |
| General Liability | | | $ | 840.00 |
| Property Insurance | $ | - | $ | - |
| Workman's Compensation | $ | - | $ | - |
| Licenses and Permits | $ | - | $ | - |
| Marketing | $ | 2,000.00 | $ | 5,000.00 |
| Meals and Entertainment | $ | - | | |
| Office Supplies | $ | - | $ | 500.00 |
| Payroll | | | | |
| Employees | $ | 6,580.00 | $ | 30,000.00 |
| Contractors | $ | 5,000.00 | $ | 10,000.00 |
| Postage and Delivery | $ | 100.00 | $ | 200.00 |
| Professional Fees | | | | |
| Accounting Fees | $ | - | $ | 2,000.00 |
| Consulting | $ | - | $ | - |
| Legal Fees | $ | - | $ | - |
| Rent Expense | | | $ | 3,000.00 |
| Repairs and Maintenance | | | $ | 200.00 |
| Dental Supplies and Lab | $ | - | $ | 8,500.00 |
| Software Licenses | $ | - | $ | 410.00 |
| Taxes | | | | |
| Payroll Taxes | $ | 550.00 | $ | 2,400.00 |
| Sales Taxes | $ | - | $ | - |
| Telephone Expense | $ | - | $ | 320.00 |
| Travel | $ | - | $ | - |

EXHIBIT "1"        EXHIBIT "A"

| | | | | |
|---|---|---|---|---|
| Utilities/Trash services | $ | - | $ | 220.00 |
| Adequate Protection Payments | $ | - | $ | - |
| Trustee Payments | $ | - | $ | 1,000.00 |
| Total Expense | $ | 15,395.00 | $ | 67,832.22 |
| NET INCOME | $ | 22,105.00 | $ | 7,167.78 |
| | | | | |
| Ending Cash Balance | $ | 69,494.00 | $ | 54,556.78 |

EXHIBIT "1"          EXHIBIT "A"

**UCC FINANCING STATEMENT**
**FOLLOW INSTRUCTIONS**

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Lien Solutions

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
**CT Lien Solutions
2929 Allen Parkway, Ste. 3300
Houston, TX 77019
USA

**FILING NUMBER:** 21-0027931681
**FILING DATE:** 07/02/2021    12:03 PM
**DOCUMENT NUMBER:** 1063402390001
**FILED: Texas Secretary of State**
**IMAGE GENERATED ELECTRONICALLY FOR XML FILING**
**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME - Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | WILLIAM LAY DDS PLLC | | | | |
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 3921 RAWLINS ST., APT Q | | DALLAS | TX | 75219 | USA |

2. DEBTOR'S NAME - Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | | | | | |
| | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) - Provide only one Secured Party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | Happy State Bank | | | | |
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 701 S Taylor, Box LB 120 | | Amarillo | TX | 79101 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
DESCRIPTION OF COLLATERAL. The collateral covered by this Agreement (the "Collateral") is all of Debtor's assets including, without limitation, documents, documents of title (including, without limitation, warehouse receipts and bills of lading), "As-Extracted Collateral," "Fixtures," "Goods," and all of the Debtor's property described below which the Debtor now owns or may hereafter acquire or create and all proceeds and products thereof, whether tangible or intangible, including proceeds of insurance and which may include, but shall not be limited to, any items listed on any schedule or list attached hereto. EQUIPMENT. "Equipment" shall consist of all goods of the Debtor that are not inventory, farm products, or consumer goods. Equipment includes, but is not limited to, all equipment and fixtures of every nature and description whatsoever, now owned or hereafter acquired by Debtor, wherever located, including all machinery, manufacturing equipment, shop equipment, furnishings, furniture, record keeping equipment, and vehicles, together with all accessions, parts, embedded software, attachments, accessories, tools, and dies, or appurtenances thereto intended for use in connection therewith, and all substitutions, betterments, and replacements thereof and additions thereto. ACCOUNTS. "Accounts" consist of the Debtor's right to payment of a monetary obligation, whether or not earned by performance, (i) for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box.
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

# EXHIBIT "B"

**UCC FINANCING STATEMENT ADDENDUM**
**FOLLOW INSTRUCTIONS**

9: NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

OR

9a. ORGANIZATION'S NAME
**WILLIAM LAY DDS PLLC**

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

OR

10a. ORGANIZATION'S NAME

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

OR

11a. ORGANIZATION'S NAME

11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral)

of; (ii) for services rendered or to be rendered; (iii) for a policy of insurance issued or to be issued; (iv) for a secondary obligation incurred or to be incurred; (v) for energy provided or to be provided; (vi) for the use or hire of a vessel under a charter or other contract; (vii) arising out of the use of a credit card or charge card or information contained on or for use with the card; (viii) as winnings in a lottery or other game of chance operated or sponsored by a state, governmental unit of a state, or person licensed or authorized to operate the game by a state or governmental unit of a state; or (ix) for health-care-insurance receivables. INVENTORY. "Inventory" consists of all inventory and goods, other than farm products, which (i) are leased by

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT ☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

EXHIBIT "B"

**UCC FINANCING STATEMENT ADDENDUM**
**FOLLOW INSTRUCTIONS**

9: NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here

| | 9a. ORGANIZATION'S NAME | |
|---|---|---|
| OR | **WILLIAM LAY DDS PLLC** | |
| | 9b. INDIVIDUAL'S SURNAME | |

FIRST PERSONAL NAME

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|
| | |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**4. This FINANCING STATEMENT covers the following collateral:**

Debtor as lessor, (ii) are held by Debtor for sale or lease or to be furnished under a contract of service, (iii) are furnished by Debtor under a contract of service, or (iv) consist of raw materials, work in process, or materials used or consumed in business. INSTRUMENTS. "Instruments" consist of all negotiable instruments and other writings owned or acquired by the Debtor that evidence a right to the payment of a monetary obligation, and are of a type that is in the ordinary course of business are transferred by delivery with all necessary endorsements or assignments. Instruments are not themselves security agreements or leases. The term does not include investment property, letters of credit, or writings that evidence a right to payment arising out of the use of a credit or charge card or information contained on or for use with the card. GENERAL INTANGIBLES. "General Intangibles" shall consist of all personal property now owned or hereafter acquired by the Debtor, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts, goods, instruments, investment property, letter of credit rights, letters of credit, money, and oil, gas, or other minerals before extraction. General Intangibles shall also include all payment intangibles now held or hereafter acquired by Debtor and all software now owned or hereafter acquired by Debtor, which is not encompassed by the term "Goods," and all supporting information pertaining or relating thereto. General Intangibles include, but are not limited to, intellectual property, rights that arise under a license of intellectual property, including the right to exploit the intellectual property without liability for infringement, and the right to payment of a loan of funds that is not evidenced by chattel paper or an instrument. INVESTMENT PROPERTY. "Investment Property" shall consist of all securities, whether certificated or uncertificated, security entitlements, securities accounts, commodities contracts, and commodities accounts now held or hereafter acquired by the Debtor, together with all contracts, instruments, and general intangibles related thereto and all monies, income, proceeds, and benefits attributable or accruing to said property, including, but not limited to, all stock rights, options, rights to subscribe, dividends, liquidating dividends, stock dividends, dividends paid in stock, new securities, and the properties and benefits to which the Debtor is, or may hereafter become, entitled to receive on account of said property. CHATTEL PAPER. "Chattel Paper" shall consist of all records now held or hereafter acquired by Debtor that evidence both a monetary obligation and a security interest in specific goods, a security interest in specific goods and software used in the goods, a security interest in specific goods and license of software used in the goods, a lease of specific goods, or a lease of specific goods and license of software used in the goods. In this paragraph, "monetary obligation" means a monetary obligation secured by the goods or owed under a lease of the goods and includes a monetary obligation with respect to software used in the goods. The term does not include (i) charters or other contracts involving the use or hire of a vessel, or (ii) records that evidence a right to payment arising out of the use of a credit card or charge card of information contained on or for use with the card. If a transaction is evidenced by records that include an instrument or series of instruments, the group of records taken together constitutes chattel paper. The definition of chattel paper includes electronic chattel paper. Debtor agrees that it will assist Lender in obtaining control of electronic chattel paper by (i) creating a single authoritative copy of the record(s) existing which is unique and identifiable, (ii) ensuring that the authoritative copy identifies the Lender as the assignee of the record(s), and (iii) ensuring that the authoritative copy is communicated to and maintained by the Lender or its designated custodian. Copies or revisions that add or change an identified assignee of the authoritative copy can be made only with the participation of the Lender. Debtor agrees that each copy or authoritative copy and any copy of a copy shall be readily identifiable as a copy that is not the authoritative copy, and any revision of any authoritative copy is readily identifiable as an authorized or unauthorized revision. TITLED VEHICLE. "Titled Vehicle" consists of any and all vehicle(s) and all additions and accessions to the vehicle(s), and any replacements and



# EXHIBIT "B"

**UCC FINANCING STATEMENT ADDENDUM**
**FOLLOW INSTRUCTIONS**

9: NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

OR

9a. ORGANIZATION'S NAME
**WILLIAM LAY DDS PLLC**

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**4. This FINANCING STATEMENT covers the following collateral:**

substitutions of the vehicle(s). It also includes all documents of title related to the vehicle(s) as well as all products, rents, and proceeds of the vehicle(s). DEPOSIT ACCOUNTS. "Deposit Accounts" shall consist of all demand, time, savings, passbook, and similar deposit accounts which are now or are hereafter held by the Debtor in Lender's institution, or maintained in another bank ("Bank") and for which Debtor, Lender and Bank have entered into a duly executed Control Agreement (as used herein, the term "Bank" means an organization that is engaged in the business of banking, and includes banks, savings banks, savings and loan associations, credit unions, and trust companies), unless the deposit is a type of qualifying tax-deferred account as defined in the Internal Revenue Code, as currently in effect and amended from time to time (e.g. Individual Retirement Arrangements, qualified retirement plans, Health Savings Accounts, etc.). SPECIFIC COLLATERAL. "Specific" refers to the specific property, together with all related rights, described below. SPECIFIC COLLATERAL DESCRIPTION: All Business Assets.

**FILING OFFICE COPY**

# EXHIBIT "B"

Label Matrix for local noticing
0539-4
Case 25-40202-mxm11
Northern District of Texas
Ft. Worth
Tue Jan 21 12:08:14 CST 2025

William Jay DDS, PLLC
1810 S. Bowen Road
Arlington, TX 76013-3340

501 W. Tenth Street
Fort Worth, TX 76102-3637

Attorney General of the United States
Main Justice Bldg., Rm. 5111
10th & Constitution Ave. N.W.
Washington, DC 20503-0001

CLEAR CHANNEL OUTDOOR LLC
P.O. BOX 847247
Dallas, TX 75284-7247

Dallas County Tax-Assessor Collector
500 Elm St Ste 3300
Dallas, TX 75202-3330

Dentis
11095 Knott Ave, Ste ABC
Cypress, CA 90630-5136

ERC Specialists
560 E Timpanogos Circle
Orem, UT 84097-6225

Happy State Bank
16633 N Dallas Pkwy, Ste 350
Addison, TX 75001-6899

Internal Revenue Service
Central Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Khavari & Moghadassi
16818 DALLAS PARKWAY
Dallas, TX 75248-1919

LAWRENCE J. FALLI
3821 JUNIPER TRACE, STE 108
Austin, TX 78738-5514

Markel
4521 Highwoods Parkway
Glen Allen, VA 23060-6148

Office of the Attorney General
Bankruptcy-Collections Division
Po Box 12548
Austin, TX 78711-2548

Office of the United States Trustee
515 Rusk Street, Suite 3516 Room 976
Houston, TX 77002-2604

Reliable Dental Lab, LLC
10610 Metric Dr. Suite 191
Dallas, TX 75243-5553

SHIELDS LEGAL
16400 Dallas Pkwy
Dallas, TX 75248-2644

Texas Alcoholic Beverage Commission
License and Permits Division
Po Box 13127
Austin, TX 78711-3127

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Texas Workforce Commission
TEC Building - Bankruptcy
101 E 15th St
Austin, TX 78778-1442

(p)HUD OGC REGION VI
307 W SEVENTH ST SUITE 1000
FT WORTH TX 76102-5108

U.S. Dept. of Veterans Affairs
Regional Office, Finance Section (24)
701 Clay Ave
Waco, TX 76799-0001

U.S. Securities & Exchange Comm.
Fort Worth Regional Office
801 Cherry St Ste 1900 Unit 18
Fort Worth, TX 76102-6819

U.S. Small Business Administration
150 Westpark Way Ste 130
Euless, TX 76040-3705

United States Attorney
1100 Commerce Street, 3rd Fl.
Dallas, TX 75242-1074

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

William Lay
1114 S Bowen Rd #13494
Arlington, TX 76094-1832

Zima International, Inc.
P.O. Box 738550
Dallas, TX 75373-8550

eBay Commerce Inc.
2065 Hamilton Ave.
Stockton, CA 95215

Robert Thomas DeMarco
Robert Demarco
12770 Coit Road
Suite 850
Dallas, TX 75251-1364


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


| Texas Comptroller of Public Accounts | U.S. Department of HUD | End of Label Matrix | |
|---|---|---|---|
| Bankruptcy Section | 307 W. 7th Street Suite 1000 | Mailable recipients | 30 |
| Po Box 13528 | Fort Worth, TX 76102 | Bypassed recipients | 0 |
| Austin, TX 78711-3528 | | Total | 30 |