IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | Case No.: 25-40202-11 |
| **William Lay DDS, PLLC**<br>86-1423290<br>1810 S. Bowen Road<br>Arlington, TX 76013<br>**Debtor.** | Chapter: 11 |

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

On this day came on for consideration the *Debtor's Motion for Order Authorizing the Interim and Final Use of Cash Collateral [11 U.S.C. §§ 105, 361, and 363]* (the "**Motion**"). The Motion is made pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing **William Lay DDS, PLLC**, debtor and debtor in possession in the above-styled and numbered case ("**Debtor**") to use cash collateral of the Secured Lender (defined in the Motion) and granting adequate protection to Secured Lender for the use of its cash collateral; and (b) prescribing the form and manner of notice and setting the time for the final hearing (the "**Final Hearing**") on the Motion. Upon review of the Motion and based upon the evidence presented to this Court at the interim hearing on the Motion (the "**Interim Hearing**"), the Court hereby makes the following findings of fact and conclusions of law:

1. Adequate and sufficient notice of the Motion and the Interim Hearing, under the circumstances, has been provided to all persons entitled thereto pursuant to Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

2. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

3. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. Debtor commenced this bankruptcy case on **January 20, 2025,** (the "**Petition Date**") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

5. **Secured Lender**[1] asserts it is secured in substantially all Debtor's Equipment, Inventory and Accounts as more particularly delineated in the Motion (collectively, the "**Prepetition Collateral**") and the proceeds thereof (the "**Cash Collateral**").

6. The Debtor will suffer immediate and irreparable harm if it is not allowed to use the cash collateral of the **Secured Lender** on an interim basis.

**ACCORDINGLY, IT IS ORDERED THAT:**

1. Debtor is permitted to use Cash Collateral, in accord with the budget attached hereto as **Exhibit "1"** (the "**Budget**"), provided, Debtor may exceed any the total allotted Budget amount by up to ten percent (10%). The Budget may be updated and modified through the date of the Final Hearing by agreement of Debtor and **Secured Lender** subject to further order of this Court.

2. Debtor's right to use Cash Collateral under the Interim Order shall commence on the date of entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim cash collateral order; or (b) the entry of a Final Order.

3. As adequate protection of **Secured Lender's** interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any diminution in value from the use of the Collateral the Court hereby grants **Secured Lender** replacement security

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed them in the Motion.

liens on and replacement liens on all of Debtor's Equipment, Inventory and Accounts (the "**Replacement Liens**"), whether such property was acquired before or after the Petition Date.

4. Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

5. Further, such Replacement Liens shall be equal to the aggregate diminution in value of the respective Collateral, if any, that occurs from and after the Petition Date. The Replacement Liens shall be of the same validity and priority as the liens of **Secured Lender** on the respective prepetition Collateral.

6. **Secured Lender** shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

7. The Replacements Liens shall be subject and subordinate to: (a) professional fees and expenses of the attorneys, financial advisors and other professionals retained by any statutory committee if and when one is appointed; and (b) any and all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), the Subchapter V Trustee, and the Clerk of the Bankruptcy Court (collectively, the "**Carve Out**").

8. This Interim Order is without prejudice to the rights of **Secured Lender** or the Debtor as to any further order regarding the use of Cash Collateral as to the request for payment of any other expenses incurred during the period covered by this Interim Order.

9. This Interim Order is without prejudice to the rights of any party-in-interest, including the Debtor, to contest the priority, validity and enforceability of **Secured Lender's** liens and security interests in and to the Prepetition Collateral.

10. The Final Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **February _____, 2025, at _____** and will be held in the in the **United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.**

11. The hearing shall be conducted in a hybrid format allowing for live appearance in the courtroom or via WEBEX Video Conference.

12. The location of the hearing for live appearances is as follows:

    Courtroom of the Honorable Mark X. Mullin
    United States Bankruptcy Judge
    501 W. 10th St.
    Fort Worth, TX 76102-3643

13. The participation and/or attendance link for WEBEX is as follows:

    For WebEx Video Participation/Attendance:
    https://us-courts.webex.com/meet/mullin
    Meeting Number:  2310-650-8783

    For WebEx Telephonic Only Participation/Attendance:
    Dial-In: 1-650-479-3207
    Access Code: 2310-650-8783

14. The Debtor proposes to pay the Secured Lender the sum of $13,451.33 per month commencing February 10, 2025, and on the first day of each month thereafter.

15. The Debtor shall serve a copy of this Interim Order on the entire mailing matrix within one (1) business day of its entry upon the Court docket.

16. This Interim Order is and shall be fully effective upon its entry.

### ### END OF ORDER ###

**ORDER SUBMITTED BY:**

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
T  972-991-5591
F  972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

# William Lay DDS PLLC
## 30 DAY BUDGET

| | 14 day | 30 day |
|---|---:|---:|
| Beginning Cash Balance - Petition Date | $ 47,389.00 | $ 47,389.00 |
| **Ordinary Income/Expense** | | |
| Income | | |
|    Revenue | $ 37,500.00 | $ 75,000.00 |
|    Refunds | $ - | $ - |
|    Cost of Goods Sold | $ - | $ - |
|   Total Income | $ 37,500.00 | $ 75,000.00 |
| Expense | | |
|    Computer - POS | | $ 900.00 |
|    Credit Card Processing | | $ 900.00 |
|    Life Insurance | $ 460.00 | $ 460.00 |
|    Health Insurance | $ 425.00 | $ 425.00 |
|    Aflac - Employee deducted | | $ 277.22 |
|    Insurance Expense | | |
|      Auto Insurance | $ 280.00 | $ 280.00 |
|      General Liability | | $ 840.00 |
|      Property Insurance | $ - | $ - |
|      Workman's Compensation | $ - | $ - |
|    Licenses and Permits | $ - | $ - |
|    Marketing | $ 2,000.00 | $ 5,000.00 |
|    Meals and Entertainment | $ - | |
|    Office Supplies | $ - | $ 500.00 |
|    Payroll | | |
|      Employees | $ 6,580.00 | $ 30,000.00 |
|      Contractors | $ 5,000.00 | $ 10,000.00 |
|    Postage and Delivery | $ 100.00 | $ 200.00 |
|    Professional Fees | | |
|      Accounting Fees | $ - | $ 2,000.00 |
|      Consulting | $ - | $ - |
|      Legal Fees | $ - | $ - |
|    Rent Expense | | $ 3,000.00 |
|    Repairs and Maintenance | | $ 200.00 |
|    Dental Supplies and Lab | $ - | $ 8,500.00 |
|    Software Licenses | $ - | $ 410.00 |
|    Taxes | | |
|      Payroll Taxes | $ 550.00 | $ 2,400.00 |
|      Sales Taxes | $ - | $ - |
|    Telephone Expense | $ - | $ 320.00 |
|    Travel | $ - | $ - |

EXHIBIT "1"

| | | |
|---|---:|---:|
| Utilities/Trash services | $ - | $ 220.00 |
| Adequate Protection Payments | $ - | $ - |
| Trustee Payments | $ - | $ 1,000.00 |
| Total Expense | $ 15,395.00 | $ 67,832.22 |
| **NET INCOME** | **$ 22,105.00** | **$ 7,167.78** |
| | | |
| Ending Cash Balance | $ 69,494.00 | $ 54,556.78 |

EXHIBIT "1"